UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


MICHAEL W. BRADY #298713        )
                                )
v.                              )    NO. 2:05-CV-171
                                )
ROGER GENTRY, MANDY COLMER,     )
JANE HATHAWAY, and KATHY        )
TRELL                           )


## MEMORANDUM and ORDER

*Pro se* prisoner Michael W. Brady brings this civil rights complaint under 42 U.S.C. § 1983 against four defendants—the Sheriff of Johnson County, the Chief Jailer, and two nurses at the Johnson County Jail in Mountain City, Tennessee, where the plaintiff is confined.

In his complaint, the plaintiff states his claim as follows:

"Mandy Colmer Jane Hathaway- denied medical attention to me in the month of June
Kathy Trell- wouldn't answer arguements (sic) concerning medical
Roger Gentry- doesn't even come around to answer questions."
(Compl. at 3, ¶ 4).

In a handwritten attachment, the plaintiff has elaborated on his claim:

"My right testicle is in my stomach and hurts when I urinate and walk but they will not let me see a doctor over it. Jane Hathaway 1st tells me it could set up cancer then changes her story and tells me that the doctor whom I've never seen says not to worry about it."

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner must administratively exhaust his claim as to each defendant associated with his claims. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003); *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

The plaintiff, seemingly, makes contradictory statements, in paragraph II of his complaint, by asserting, on the one hand, that the Johnson County Jail does not have a grievance procedure and that he talked to the Chief Jailer about the facts underlying his complaint, while averring, on the other hand, that he filed a grievance but did not receive a response. However, he has not attached a copy of his grievance nor made "particularized averments" to show the factual nature of his grievance or to indicate that he named the four persons in his grievance who are now identified as defendants in his federal lawsuit.

2

Because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to each claim and each defendant associated with the claim and because he has failed to carry his burden in this instance, especially given his conflicting statements about the grievance system at the Johnson County Jail, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies. *See Williams v. Overton*, 2005 WL 1513102, *3 (6th Cir. June, 22, 2005).

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE